Being unable to agree with the majority, I respectfully dissent.
At the outset, it should be reiterated that among many contentions and factual issues in the record, it is clear the appellant was reassigned from his position of law director at the Bureau of Workers' Compensation ("BWC") to duties involving the BWC's implementing of the case of State ex rel. Crabtree v. OhioBur. of Workers' Comp. (1994), 71 Ohio St.3d 504.
In view of their detailed factual analysis and the majority's own interpretation of various terms and their application to the facts, I disagree with such divergence from the standard of review applicable to this case before us. When considering an appeal from the court of common pleas, our standard of review is limited to a determination of whether the court of common pleas abused its discretion in finding that there was substantive, reliable and probative evidence in the record to support the order of the administrative law judge ("ALJ"), and in finding that the order was in accordance with law. Rohde v. Farmer
(1970), 23 Ohio St.2d 82. And for questions of law, the discretion of the court of common pleas is limited and our review is plenary.Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339.
Appellant claims he was in the classified service pursuant to R.C. 4121.21(B)(2). The majority, after some torturous interpretation of the applicable statutes, including R.C.124.11(A)(9), and provisions of Ohio Adm. Code Chapter 123:1-47, concludes appellant was in the classified service. Appellee has claimed that appellant's position rendered him exempt from classified service pursuant to R.C. 124.11(A)(9), which states in pertinent part:
 (A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:
* * *
 (9) The deputies and assistants of state agencies authorized to act for and on behalf of the agency, or holding a fiduciary or administrative relation to that agency and those persons employed by and directly responsible to elected county officials or a county administrator in holding a fiduciary or administrative relationship to such elected county officials or county administrator, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination, provided that division (A)(9) of this section shall not affect those persons in county employment in the classified service as of September 19, 1961. Nothing in division (A)(9) of this section applies to any position in a county department of human services created pursuant to Chapter 329. of the Revised Code.
Since the appellant, based on the record, was not found to be in a fiduciary relationship or an administrator, the administrative law judge, in the first instance, analyzed the appellant's duties from the standpoint of whether he was authorized to act for and on behalf of the BWC. It is here that I differ from the majority's view of appellant's role. The appellant, by virtue of his specific duties associated with implementing the Crabtree case, had at least implied authorization to act on behalf of the BWC. The majority reads something more into the statute when it concludes that "in order to act for and on behalf of the agency, an employee must be authorized to act in place of or in substitution for a higher authority in the agency." Additionally, the majority appears to further restrict the exemption of appellant by finding that he had to be either a deputy or an assistant, and impliedly requiring there to be some form of fiduciary relationship. I do not agree with the majority that in order for an employee to act on behalf of an agency that he or she must be a deputy or an assistant. Additionally, there is no statutory or rule requirement that one acting in a representative capacity must be in a fiduciary relation to the principal.
The ALJ, quite appropriately, found that R.C.124.11(A)(9) had been recently amended and the language is subject to interpretation without any established precedent. In this respect, the record reveals that appellant acted in a representative capacity for over a year, regarding the Crabtree
implementation. Also, the record is clear, and is contra to the conclusion reached by the majority, that appellant, in numerous meetings between representatives between the BWC and the Industrial Commission ("IC") was a major contributor to the discussions and acted in a representative capacity on behalf of the BWC. As such, appellant falls under the exemption in the statute and was properly found by the ALJ to be unclassified, this decision being affirmed by the State Personnel Board of Review ("SPBR") and affirmed albeit on other grounds, by the common pleas court.
It is also apparent from the majority's decision, that little if any deference is given to the findings and recommendations of the hearing officer. In this respect, and in general, an administrative agency should give due deference to the findings and recommendation of its hearing officer, and "especially where there exists evidentiary conflict" because the hearing officer "is best able to observe the demeanor of the witnesses and weigh their credibility." Brown v. Ohio Bur. ofEmp. Serv. (1994), 70 Ohio St.3d 1, 2. To the extent there was conflicting evidence concerning appellant's role and inter-agency communications with the IC, it is clear that the ALJ found appellant's account of his activities to be less persuasive than the testimony presented by appellee's witnesses. The credibility of the witnesses and the weight to be given their testimony was of course within the province of the ALJ. I find nothing upon review to justify the disturbing of the findings and conclusions of the ALJ.
In the present case, there was reliable, probative and substantial evidence to support the agency's order affirming the recommendation of the ALJ and thus the trial court did not abuse its discretion in affirming the order of the SPBR. The assignments of error submitted by appellant, in my view, are without merit and should be overruled. I therefore dissent.