OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Brown, Appellant, v. Ohio Bureau of Employment Services,
Appellee.
[Cite as Brown v. Ohio Bur. of Emp. Serv. (1994),     Ohio
St.3d     .]
Public employment -- R.C. 124.34 -- Removal of Ohio Bureau of
        Employment Services administrative assistant from office
        -- Court of common pleas decision to reinstate
        administrative law judge's recommendation of a ten-day
        suspension supported by reliable, probative, and
        substantial evidence, when.
        (No. 93-924 -- Submitted May 16, 1994 -- Decided August 3,
1994.)
        Appeal from the Court of Appeals for Marion County, No.
9-91-50.
        Appellant, Larry J. Brown, was removed from his
appointment as an administrative assistant with the Ohio Bureau
of Employment Services ("OBES"), pursuant to R.C. 124.34, on
the grounds of insubordination, malfeasance, and neglect of
duty.  Brown appealed to the State Personnel Board of Review.
An administrative law judge held a hearing and issued her
recommendation that the removal order be disaffirmed and that
appellant be given a ten-day suspension in lieu thereof.  The
administrative law judge found appellant insubordinate for his
failure to surrender certain OBES documents requested by the
bureau's legal counsel during an internal investigation.  The
board of review adopted the findings of the administrative law
judge but rejected the recommendation that appellant be given a
ten-day suspension.  The board of review ordered that the
appellant be removed from his position as a classified employee
of OBES.  The court of common pleas reviewed all the testimony
and concluded that the order and opinion of the board of review
to remove appellant were not supported by reliable, probative,
and substantial evidence.  The court of common pleas reinstated
the administrative law judge's recommendation of a ten-day
suspension.  The court of appeals reversed the judgment of the
court of common pleas and reinstated the board of review's
decision to remove appellant.
        This matter is now before this court upon an allowance of

a motion to certify the record.

Cloppert, Portman, Sauter, Latanick & Foley Co., L.P.A., and Russell E. Carnahan; and Robert E. Wilson, for appellant.
Lee I. Fisher, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellee.

Francis E. Sweeney, Sr., J. The main issue is whether the court of common pleas' decision to reinstate the administrative law judge's recommendation of a ten-day suspension for appellant's failure to surrender the OBES documents was supported by reliable, probative, and substantial evidence. For the following reasons, we find that it was supported by reliable, probative, and substantial evidence and, accordingly, we reverse the judgment of the court of appeals.

The evidence in the record demonstrates that an internal investigation was commenced by OBES regarding a number of lease agreements it executed over the years. One of the lease agreements investigated was entered into by OBES and Ohio Leasing Systems to have the Telecom Plus system installed at the OBES Dublin Road office. Cynthia Kramer, then Chief Legal Counsel and Director of the Employment Service Division of OBES, conducted the investigation. Appellant served as an assistant to the OBES deputy administrator. As part of his responsibilities, Brown negotiated the lease agreement for the Dublin Road facility.

During the investigation, Kramer asked appellant to meet with her to discuss the lease agreement. At this meeting, Kramer asked appellant if he had any documents relating to the Dublin Road lease agreement. Appellant responded that he had nothing in his possession other than copies of various documents, and that the complete Dublin Road file would be in the office of the telecommunication officer, Chester White. During this meeting, appellant gave Kramer an overview of the negotiations for the Dublin contract and a detailed account of how the final contract came about. Following the meeting, Kramer conferred with the Administrator of OBES and it was determined that appellant be placed on administrative leave. After appellant was placed on administrative leave, his desk was searched and while some documents regarding telecommunications companies were found, apparently no files or original documents were found on or in his desk.

After a full evidentiary hearing, the administrative law judge concluded that appellant "was at the very least negligent in not surrendering the papers he had in his desk, even if they were copies of another person's files." Further, the administrative law judge concluded that: "While this merits some discipline, removal is too harsh a penalty for this isolated action." The administrative law judge recommended appellant be given a ten-day suspension.

An administrative agency should accord due deference to the findings and recommendation of its referee, especially where there exists evidentiary conflicts, because it is the referee who is best able to observe the demeanor of the witnesses and weigh their credibility. Jones v. Franklin Cty. Sheriff (1990), 52 Ohio St.3d 40, 43, 555 N.E.2d 940, 944. In the present case, the board of review reviewed the report and

recommendation of the administrative law judge without examining the record and then adopted her findings of fact but not her recommendation.

After a more extensive review of the record the court of common pleas determined that the board's decision did not give due deference to the recommendation of its referee and was not supported by reliable, probative, and substantial evidence. See Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. The court of common pleas noted that there is no evidence that appellant at any time attempted to conceal any relevant files. Further, a search of appellant's desk revealed no files or original documents. This corroborates his statement that all he had in his possession were copies of documents.

Based on the above, we find that the decision of the court of common pleas was supported by reliable, probative and substantial evidence. Thus, the judgment of the court of appeals is reversed and the decision of the trial court is reinstated.

Judgment reversed.

A.W. Sweeney, Douglas, and Resnick, JJ., concur.
Moyer, C.J., and Pfeifer, J., dissent.
Wright, J., dissents with opinion.

Wright, J., dissenting. This case is an appeal of an order by the State Personnel Board of Review (the "board") to remove Larry J. Brown from his position as an Administrative Assistant 4 with the Ohio Bureau of Employment Services. Brown filed the appeal with the court of common pleas pursuant to R.C. 119.12.

I

The fundamental flaw in the majority's opinion is the majority's misstatement of the issue. The majority states that the issue is whether the decision of the court of common pleas is supported by reliable, probative, and substantial evidence. R.C. 119.12 and the case law call for a different approach. They require courts to determine whether the order of the State Personnel Board of Review is supported by reliable, probative, and substantial evidence. That we must look at the board's order and not the court's decision is quite clear from the language of R.C. 119.12, which states that the common pleas court "may affirm the order of the agency *** if it finds *** that the order is supported by reliable, probative, and substantial evidence ***." (Emphasis added.)

Under previous decisions by this court, the board's order removing Brown from his position must be upheld if the factual basis for the order is supported by reliable, probative, and substantial evidence and the order is in accordance with law. See Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750 ("a reviewing trial court is bound to uphold the [agency's] order if it is supported by reliable, probative, and substantial evidence, and is in accordance with law. [Emphasis added.]"), and Henry's Cafe, Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, 236, 10 O.O.2d 177, 179, 163 N.E.2d 678, 680 (if the court finds that the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with the law, the court "can only

affirm and cannot reverse, vacate or modify"). Furthermore, in an appeal under R.C. 119.12, the court of common pleas "has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Henry's Cafe, supra, paragraph three of the syllabus.

Without a doubt, Brown was removed from his position pursuant to R.C. 124.34 because of his insubordinate behavior in refusing to surrender documents necessary for an internal investigation into telephone leases at OBES. Brown appealed to the State Personnel Board of Review, and an administrative law judge conducted a hearing on the matter. The administrative law judge concluded: "I believe it is more likely than not that the Appellant [Brown] was asked to surrender these papers and resisted doing so. For that unwillingness to relinquish these papers, Appellant must be deemed insubordinate."

As noted by the majority, the board should have deferred to the administrative law judge's finding on this issue because it involves an evidentiary conflict.1  When such a conflict exists, deference to the administrative law judge is warranted because it is the judge "who is best able to observe the demeanor of the witnesses and weigh their credibility." Jones v. Franklin Cty. Sheriff (1990), 52 Ohio St.3d 40, 43, 555 N.E.2d 940, 944. Adhering to this principle, the board did defer to the administrative law judge by adopting the finding that Brown refused to surrender documents after being asked to do so.

The court of common pleas reviewed the record to determine whether the board's adoption of the administrative law judge's finding was supported by reliable, probative, and substantial evidence, and the court found such evidence. The court affirmed the findings of the administrative law judge:

"IT IS THEREFORE ORDERED that the Order of the State Personnel Board of Review adopting the Findings of the Administrative Law Judge be and hereby is affirmed, and that the Order removing appellant from his position be and hereby is reversed and vacated and the Recommendation of the Administrative Law Judge is affirmed." (Emphasis added.)

Despite finding reliable, probative, and substantial evidence supporting the board's decision, the common pleas court reversed and vacated the order removing Brown from his position, imposing a ten-day suspension instead. The common pleas court erred in doing so -- under our decision in Henry's Cafe, supra, the court had no authority to modify the penalty imposed by the board.

As previously noted, Henry's Cafe requires a court of common pleas to affirm the penalty imposed by an agency if the agency is authorized to impose the penalty. In the present case, the penalty imposed -- removal -- is one that the board was authorized by statute to impose. First, under R.C. 124.34, insubordination is a sufficient basis for removing an employee. Second, the State Personnel Board of Review is authorized by R.C. 124.03(A) to affirm a decision to remove an employee. Finally, in affirming such a decision, the State Personnel Board of Review is not obligated to follow the recommendation of the administrative law judge. Ohio Adm. Code 124-15-03(A). Thus, the board in the present case acted well

within the scope of its authority in rejecting the administrative law judge's recommended ten-day suspension and ordering Brown removed from his state position.  The court of common pleas, however, acted outside its authority in reversing and vacating the board's order.  Pursuant to our decision in Henry's Cafe, a trial court has no discretion in an appeal under R.C. 119.12 to modify a penalty lawfully imposed.  The court of appeals, therefore, properly reversed the trial court on this issue.

                                    II

The majority's failure to apply well-established case law on appeals under R.C. 119.12 is more than an insignificant error.  It results in an outcome that ought to offend the sensibilities of us all.  At the end of the day appellant Brown -- despite his insubordination at OBES and his pleading guilty to a criminal conspiracy charge in another matter related to his state employment (a matter neatly paralleling the charges forming the basis for his removal in the present case) -- faces an inconsequential ten-day suspension.  The result will undoubtedly be disheartening to all state employees who manage to accomplish their daily tasks without defying their superiors and/or committing a felony.  The result announced today will be no less frustrating to the taxpayers of this state who must foot the bill for Brown's salary and benefits.

For the foregoing reasons, I would affirm the decision of the court of appeals to reinstate the decision by the board ordering Brown removed from his position.  Accordingly, I respectfully dissent.

FOOTNOTE:

1  I note that Brown's credibility on this issue is even more suspect in hindsight given his subsequent guilty plea to the crime of conspiracy for his involvement with telephone leases with the Ohio Department of Agriculture.  Brown pleaded guilty to accepting money from a lobbyist in exchange for Brown's influencing his superiors at the Ohio Department of Agriculture.