DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The jury found Marcus J. Bloomfield, defendant below and appellant herein, guilty of conspiracy to commit murder in violation of R.C. 2923.01.
 {¶ 2} Appellant raises the following assignments of error for review:
First Assignment of Error:
"The Court Erred in Allowing the State to introduce evidence of prior bad acts in violation of evidence rule 404(B)."
Second Assignment of Error:
"The court erred in allowing relevant evidence that was substantially more prejudicial than probative as under evidence rule 403(A)."
 {¶ 3} In July of 2001, appellant was convicted of the aggravated murder and rape of his wife, Jennifer Bloomfield. While in prison for Jennifer's murder and rape, appellant plotted to murder Jennifer's sister, Deb Davis, in the same manner as Jennifer. Appellant's supposed theory was that if Davis were murdered in the same manner as Jennifer (while appellant was still in prison), then he could prove that he had been wrongly convicted of Jennifer's murder.
 {¶ 4} On January 17, 2003, the Ross County Grand Jury returned an indictment charging appellant with conspiracy to commit murder, in violation of R.C. 2923.01. On April 1 and continuing on April 2, 2003, the court conducted a jury trial.
 {¶ 5} At trial, appellant's former cell mate, Todd Minnis, testified that appellant told Minnis the exact manner in which he murdered Jennifer: while she slept in bed, he strangled her with his hands and anally raped her. Appellant left her face down on the bed. Appellant also told Minnis that Jennifer's sister, Davis, had custody of appellant's and Jennifer's children and that appellant planned on having Davis killed so that his conviction for killing Jennifer would be overturned. Appellant told Minnis that he had planned Davis's murder with another inmate. Appellant asked Minnis to kill Davis and Minnis said no. Minnis subsequently advised law enforcement officials what he knew about appellant's plan.
 {¶ 6} Sergeant Gus Frontz testified that he investigated Jennifer's murder. He stated that upon arriving at the scene, he "found a deceased female at the end of the bed, arms propped up on the bed, knees down on the floor, partially clothed, had a top pulled up, and pants pulled like down to her knees." He stated that Jennifer had been strangled to death.
 {¶ 7} Tom Bolin, a former inmate at Ross County Correctional Institute, testified that appellant offered him $10,000 to murder Davis. Appellant told Bolin to kill Davis in the same manner that appellant had killed Jennifer. Bolin stated that "[appellant] wanted me to rape and strangle her, supposed to have her stretched out on the bed and her knees were supposed to be touching the floor with her underwear left down by her knees." Bolin testified that appellant drew a map to show Bolin how to get to Davis's house. Bolin also stated that appellant gave him two letters. One was to be delivered to the news media and the other to law enforcement officials. The letter to law enforcement officials stated: "She should have paid me the rest of the money she owed me for what I did to her sister. Now she gets to suffer the same fate as Jennifer. I would also like to thank the stupid police officer who arrested me convicted the wrong man. Hahahha." Bolin explained that when he was released from prison, he told his parole officer about the plot.
 {¶ 8} Ohio State Highway Patrol Sergeant David Alwine testified that he interviewed appellant. Sergeant Alwine stated that appellant claimed that he only wanted Bolin to plant drugs in Davis's car.
 {¶ 9} On April 3, 2003, the jury found appellant guilty as charged. Appellant filed a timely notice of appeal.
 {¶ 10} In his first and second assignments of error, appellant asserts that the trial court erred by allowing evidence of Jennifer's murder.[2] He contends that under Evid.R. 404(B), the evidence constituted inadmissible prior acts evidence. Appellant further complains that the prejudicial nature of the evidence outweighed any probative value. We disagree.
 {¶ 11} Initially, we note that "`[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court.'" State v. Barnes
(2002), 94 Ohio St.3d 21, 23, 759 N.E.2d 1240 (quoting State v.Issa (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904). Therefore, appellate review is limited to determining whether the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., id.
 {¶ 12} Generally, all relevant evidence is admissible. See Evid.R. 402. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 13} The trial court must deem relevant evidence inadmissible, however, if the introduction of the evidence violates the United States or the Ohio Constitutions, an Ohio statute, the Ohio Rules of Evidence, or "other rules prescribed by the Supreme Court of Ohio." Evid.R. 402. Relevant "evidence is not admissible if its probative value * * * substantially outweigh[s] * * * the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).
 {¶ 14} Although evidence of an accused's character, including his prior "bad acts," in a criminal case may be relevant,[3] Evid.R. 404 sets forth a general bar against the use of such character evidence. Of importance to the case sub judice, Evid.R. 404(B) provides as follows:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence or mistake or accident.
 {¶ 15} Additionally, R.C. 2945.59 provides:
In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
R.C. 2945.59 should be construed in conformity with Evid.R. 404(B). See State v. Broom (1988), 40 Ohio St.3d 277, 281-282,533 N.E.2d 682; State v. Clemons (1994), 94 Ohio App.3d 701,707, 641 N.E.2d 778. Moreover, because both the statute and the rule constitute exceptions to the common law prohibition against admitting a defendant's other acts to prove conforming conduct, the rule and the statute "must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." Broom, 40 Ohio St.3d at 281-282.
 {¶ 16} In State v. Schaim (1992), 65 Ohio St.3d 51,600 N.E.2d 661, the court discussed the underlying rationale for the limited admissibility of other acts evidence as follows:
"The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See State v. Curry (1975), 43 Ohio St.2d 66,68, 330 N.E.2d 720, 723. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature, * * *." Schaim, 65 Ohio St.3d at 59.
 {¶ 17} Although both R.C. 2945.59 and Evid.R. 404(B) carefully limit the admissibility of other acts evidence, neither the statute nor the rule contains an exhaustive list of permissible purposes for which other acts evidence may be offered. See State v. Smith (1990), 49 Ohio St.3d 137, 140,551 N.E.2d 190 (noting that "Evid.R. 404(B) permits `other acts' evidence for `other purposes' including, but not limited to, certain enumerated issues"); State v. Watson (1971),28 Ohio St.2d 15, 20-21, 275 N.E.2d 153 (stating that other acts evidence "was not inadmissible simply because it did not fall within the exceptions permitting introduction of prior acts specified in R.C. 2945.59"); see, also, State v. Miller (Oct. 14, 1993), Meigs App. No. 92CA496. Rather, other acts evidence generally is admissible if the evidence does not otherwise violate the general rule against propensity evidence. State v. Roe (1989),41 Ohio St.3d 18, 23, 535 N.E.2d 1351 (noting that the other acts evidence "w[as] admitted for purposes `"other than to show mere propensity or disposition on the accused's part to commit the crime"'") (quoting State v. Watson, 28 Ohio St.2d at 21 and Evid.R. 404(B)); see, also, State v. Aliff (Apr. 12, 2000), Lawrence App. No. 99CA8. As the court explained in Watson,28 Ohio St.2d at 21:
"* * * It is an established principle of law that, notwithstanding the general rule that evidence of other criminal acts is not admissible, such `general rule of exclusion does not apply where the evidence of another crime is relevant and tends directly * * * to prove * * * [the] accused's guilt of the crime charged, or to connect him with it, or to prove some particular element or material fact in such crime; and evidence of other offenses may be received if relevant for any purpose other than to show mere propensity or disposition on [the] accused's part to commit the crime.' 22A Corpus Juris Secundum 744, Section 683.
Stated another way, the rule is that `except when it shows merely criminal disposition * * * evidence that is relevant is not excluded because it reveals the commission of an offense other than that charged. "The general tests of the admissibility of evidence in a criminal case are: * * * does it tend logically, naturally, and by reasonable inference to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime, or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not."' People v.Peete (1946), 28 Cal.2d 306, 314, 169 P.2d 924."
 {¶ 18} The Watson court therefore "repudiate[d] the notion that criminality of conduct offered for some relevant purpose is an obstacle to its reception." Watson, 28 Ohio St.2d at 21.
 {¶ 19} Thus, both the statute and the rule permit other acts evidence: (1) if the evidence is offered to show one of the matters enumerated in the statute or the rule; or (2) if the evidence tends to show any other matter at issue, as long as the evidence does not tend only to show the accused's propensity to commit the crime in question. See State v. Smith (1992),84 Ohio App.3d 647, 664, 617 N.E.2d 1160 (stating that other acts "evidence is never admissible when its sole purpose is to establish that the defendant committed the act alleged of him in the indictment"); see, also, State v. Bey (1999),85 Ohio St.3d 487, 490, 709 N.E.2d 484; see, e.g., State v. Tibbetts (2001),92 Ohio St.3d 146, 161, 749 N.E.2d 226; State v. Williams
(1997), 79 Ohio St.3d 1, 11, 679 N.E.2d 646. Thus, to determine whether to admit other acts into evidence, a court must evaluate whether the evidence relates to one of the matters set forth in R.C. 2945.59 or Evid.R. 404(B), or whether it relates to a matter other than the defendant's propensity to commit the crime in question. See, generally, State v. Slagle (1992),65 Ohio St.3d 597, 606, 605 N.E.2d 916; State v. Gardner (1979),59 Ohio St.2d 14, 20, 391 N.E.2d 337; Watson, supra.
 {¶ 20} Applying the foregoing principles to the case at bar, we conclude that the trial court did not abuse its discretion by admitting evidence concerning Jennifer's murder. The state did not offer the evidence to simply show appellant's propensity to commit conspiracy to commit murder, but instead, offered the evidence to show appellant's motive (and preparation, plan and knowledge) in committing the crime. See Evid.R. 404(B). Part of appellant's motive in committing conspiracy to commit murder was to have his conviction for Jennifer's murder overturned. Thus, appellant wanted Davis's murder to resemble Jennifer's murder. To show that appellant planned to have Davis's murder resemble Jennifer's murder, the state necessarily needed to introduce evidence to demonstrate how Jennifer was murdered. Thus, the trial court properly admitted the evidence to show appellant's motive.
 {¶ 21} Additionally, as Sergeant Allwine related, appellant denied that he intended to murder Davis and claimed that he only intended to plant drugs in Davis's car.[4] Thus, the evidence of Jennifer's murder helped show that appellant intended to murder Davis.
 {¶ 22} Appellant next asserts that even if the other acts evidence was otherwise admissible, the trial court should have nevertheless excluded the evidence because it was unfairly prejudicial and Evid.R. 403(A) mandated its exclusion. We disagree with appellant.
 {¶ 23} Evid.R. 403(A) provides: "Exclusion Mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice * * *."
"Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Rule 403. Emphasis must be placed on the word `unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision. Consequently, if the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial. Usually, although not always, unfairly prejudicial evidence appeals to the jury's emotions rather than intellect."
Weissenberger, Ohio Evidence (2000) 85-87, Section 403.3, quoted in Oberlin v. Akron Gen. Med. Ctr. (2001),91 Ohio St.3d 169, 172, 743 N.E.2d 890, 893.
 {¶ 24} In the case at bar, the other acts evidence, while prejudicial, was not unfairly prejudicial. The state did not introduce the evidence to arouse the jury's emotional sympathies, evoke a sense of horror, or appeal to an instinct to punish. Rather, the state offered the evidence to show appellant's motive in conspiring to murder Davis. Thus, we disagree with appellant that the prejudicial nature of the evidence substantially outweighed its probative value.
 {¶ 25} Accordingly, based upon the foregoing reasons, we overrule appellant's two assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Kline, P.J. Harsha, J., concur in Judgment Opinion.
[2] Appellant has not separately argued his two assignments of error as App.R.16(A)(7) requires. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. SeeState v. McCoy, Hocking App. No. 02CA12, 2002-Ohio-6305; Statev. Nave, Meigs App. No. 01CA3, 2002-Ohio-1594; Marietta v.Barth (Dec. 22, 1999), Washington App. No. 99CA22; State v.Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168. The provisions of App.R. 16(A)(7) require a separate argument for each assignment of error. Appellate courts are free to disregard any assignments of error that are not separately argued. See App.R. 12(A)(2). We would be within our authority to simply disregard both assignments of error. See Park v. Ambrose (1993),85 Ohio App.3d 179, 186, 619 N.E.2d 469; State v. Caldwell (1992),79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3; State v.Houseman (1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405. Nevertheless, in the interests of justice we will jointly consider both assignments of error.
[3] As Weissenberger explains in his treatise on Ohio Evidence:
"`[Extrinsic act evidence is excluded] not because it has no appreciable probative value, but because it has too much. The natural and inevitable tendency of the tribunal — whether judge or jury — is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take proof of it as justifying a condemnation irrespective of guilt of the present charge.'"
Weissenberger, Ohio Evidence (2001) 117-18, Section 404.22 (alteration in original) (quoting 1A Wigmore Section 58.2).
[4] Appellant claims in his appellate brief that he never denied intent. However, as we noted above, Sergeant Allwine, who interviewed appellant, testified that appellant denied that he intended to murder Davis. Additionally, by pleading not guilty, appellant placed all elements in issue.
"It is a fundamental principle of criminal law that when an accused pleads not guilty to a charge which contains `specific intent' as an element of the crime, he places intent squarely at issue and the state is required to prove this element beyond a reasonable doubt. * * * In United States v. Russo (C.A. 11, 1983), 717 F.2d 545, the court held that a defendant's defense of lack of involvement was insufficient to remove the issue of intent from the case, and `* * * the government was not relieved of its burden of proving intent.' Id. at 552."
Smith, 49 Ohio St.3d at 141 (citation omitted).