**In re JACK FISH & SONS CO., INC.**

[Cite as *In re Jack Fish & Sons Co., Inc.,* 159 Ohio App.3d 649, 2005-Ohio-545.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 04CA2949.

Decided Feb. 4, 2005.

White & Fish L.P.A., Inc., and Jeffrey D. Fish; and Michael H. Mearan, for appellant, Jack Fish & Sons Company, Inc.

Jim Petro, Attorney General, and Cheryl D. Pokorny, Assistant Attorney General, for appellee, Ohio Motor Vehicle Salvage Dealer's Licensing Board.

Per Curiam.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment, rendered on administrative appeal, that affirmed a decision of the Ohio Motor

Vehicle Salvage Dealer's Licensing Board. Jack Fish & Sons Company, Inc., appellant herein, assigns the following errors for review:

### First Assignment of Error

The trial court erred in failing to conduct a de novo review of the questions of law raised by Jack Fish & Sons Co., Inc.

### Second Assignment of Error

The trial court erred in failing to determine that R.C. §§ 4738.01, 4738.03 and 4738.12 are violative of Jack Fish's rights under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 2 of the Ohio Constitution.

### Third Assignment of Error

The trial court erred in failing to determine that R.C. §§ 4738.01, 4738.03 and O.A.C. § 4501:1–4–01 are violative of Jack Fish's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution in that the statutes are void for vagueness.

### Fourth Assignment of Error

The trial court erred in failing to reverse the decision of the Ohio Motor Vehicle Salvage Dealer's Licensing Board (the "board") which incorrectly determined that salvage motor vehicles could not be sold for "parts only."

### Fifth Assignment of Error

The trial court erred in failing to reverse the decision of the Ohio Motor Vehicle Salvage Dealer's Licensing Board because it failed to comply with the order of this court in the prior appeal in this case which required the board to give notice to Jack Fish & Son's Co., Inc. that it was required to physically break down vehicles before they are considered parts sales if the board first determined correctly that salvage motor vehicles could not be sold "for parts only."

### Sixth Assignment of Error

The trial court erred in failing to reverse the decision of the Ohio Motor Vehicle Salvage Dealer's Licensing Board when the board violated the due process rights of Jack Fish & Sons Co., Inc. by its prospective application of its determination that salvage vehicles cannot be sold solely for parts.

## Seventh Assignment of Error

The trial court abused its discretion when it affirmed the adjudication order of the Ohio Motor Vehicle Salvage Dealer's Licensing Board as that order was not supported by reliable, probative and substantial evidence and was not in accordance with law.

## Eighth Assignment of Error

The trial court erred in failing to reverse the decision of the Ohio Motor Vehicle Salvage Dealer's Licensing Board when the board's investigation of Jack Fish & Sons Co., Inc. did not comport with R.C. § 4738.12 or O.A.C. § 4501:1–4–05 and, therefore, was improper, illegal and invalid.

{¶ 2} The Ohio Motor Vehicle Salvage Dealer's Licensing Board received an anonymous complaint in 1999. The complaint alleged that the appellant was violating R.C. 4738.03(A) by not operating its business primarily for the retail sale of salvage motor vehicle parts. William Leach investigated and reviewed the appellant's accounting records. Leach determined that, over a six-month period, only seven percent of the appellant's total sales were attributable to parts. The remainder was attributable to salvage vehicles.

{¶ 3} At the hearing before the board, Stuart Fish, appellant's president, testified that his records made it appear that he sold vehicles because he was forced under threat of prosecution to transfer the title to the vehicle even if it was sold solely for parts. Fish reasoned that if the board considered the totality of the circumstances, it would find that his business operated primarily for the sale of salvage parts during the six-month time frame because his company sold many of those salvage vehicles solely for parts.

{¶ 4} The board was unswayed and revoked the appellant's salvage dealer's license. Appellant filed an administrative appeal to the Scioto County Common Pleas Court. The court ultimately determined that the board's decision was not supported by reliable, probative, and substantial evidence. This court reversed that judgment and remanded the case to the board to determine whether motor vehicles sold for parts could be considered as "part sales." See *In re Jack Fish & Sons Co., Inc.*, Scioto App. No. 01CA2812, 2002-Ohio-4222, 2002 WL 1897305, at ¶ 10 ("*Jack Fish I*"). In so ruling, we reasoned as follows:

The Board decided that Fish was not primarily engaged in the sale of salvage vehicle parts. But the Board did not decide whether salvage vehicles sold solely for parts can be considered parts sales. In light of Fish's undisputed testimony that he sold some salvage vehicles solely for parts, the Board should have expressly decided whether salvage vehicles sold solely for parts are properly considered parts sales, as opposed to being vehicle sales. The

Board must make this determination in order to facilitate effective appellate review. It is important that the Board make this determination so that all salvage dealers licensee's [sic] can properly operate their businesses. If salvage dealers are permitted to sell salvage vehicles for parts only, they must take steps to ensure that their record keeping systems properly reflect this practice since salvage dealers licensee's [sic] must operate primarily in the sale of salvage vehicle parts. However, *if salvage vehicles cannot be sold solely for parts, salvage dealers must be put on notice that they must physically break down the vehicle before it is considered a parts sale.*

(Emphasis added.)

{¶ 5} On remand, the board heard testimony and arguments from both sides. On April 8, 2003, the board determined that a salvage dealer may not properly sell salvage vehicles for parts only. On that basis, the board again found that the appellant did not operate primarily for the purpose of selling salvage motor vehicle parts at retail and revoked its dealer's license.

{¶ 6} Appellant filed the present case as an administrative appeal from that decision and raised a variety of evidentiary and constitutional challenges. On May 12, 2004, the trial court found that the board's decision was supported by reliable, probative, and substantial evidence and that it was in accordance with law and affirmed the board's decision to suspend the appellant's license. This appeal followed.[1]

---

1. {¶ a} Before we address the assignments of error on their merits, we pause to address problems in each appellate brief. With respect to the appellant, we note that App.R. 16(A)(7) requires separate arguments for each assignment of error. While appellant complies with that requirement for the first four assignments of error, it fails to do so for the remaining four. Instead, it combines the arguments for assignments five through six and seven through eight. This is improper.

{¶ b} While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. *State v. Bloomfield*, Ross App. No. 03CA2720, 2004-Ohio-749, 2004 WL 307467, at ¶ 10, fn. 2; *Marietta v. Barth* (Dec. 22, 1999), Washington App. No. 99CA2, 2000 WL 2546; *State v. Wyatt* (Aug. 30, 1994), Scioto App. No. 93CA2168, 1994 WL 484083. Appellate courts may thus disregard any assignments of error that are not separately argued. App.R. 12(A)(2). We would be within our authority to simply disregard assignments of error five through eight and summarily affirm the trial court. See *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3. We believe, however, that the interest of justice requires us to review the appellant's arguments.

{¶ c} With respect to the appellee's brief, the board's arguments should address the assignments of error raised by the appellant, seriatim. The board fails to do this, however, and offers one generalized argument with four subparts that requires us to search through its brief in order to locate the board's rebuttal to each assignment of error. This, too, is unacceptable, but, in view of the fact that we accept the appellant's brief notwithstanding its flaws, we do the same for the board.

I

{¶ 7} This matter comes to us by way of an administrative appeal. In reviewing appeals under R.C. 119.12, a common pleas court is not permitted to try the issues de novo or to substitute its judgment for that of the administrative agency. *Smith v. Sushka* (1995), 103 Ohio App.3d 465, 470, 659 N.E.2d 875; *Cook v. Maxwell* (1989), 57 Ohio App.3d 131, 135, 567 N.E.2d 292; *Steinbacher v. Louis* (1987), 36 Ohio App.3d 68, 71, 520 N.E.2d 1381. Instead, the court is limited to determining whether the administrative agency's judgment is supported by reliable, probative, and substantial evidence and was made in accordance with law. See *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748; *In re Williams* (1991), 60 Ohio St.3d 85, 86, 573 N.E.2d 638. In further appeal from a common pleas court, the appellate court is restricted to ascertaining whether the lower court abused its discretion in reaching its determination. See *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240.[2]

{¶ 8} An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242; *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees* (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486. In an

---

2. We are cognizant of the decision in *Brown v. Ohio Bur. of Emp. Services* (1994), 70 Ohio St.3d 1, 635 N.E.2d 1230, wherein the Ohio Supreme Court inexplicably deviated from prior case law by phrasing the standard of review facing the court of appeals as being whether the common pleas court's decision was supported by reliable, probative, and substantial evidence. As Justice Wright noted in his dissent in *Brown*, supra, at 3, 635 N.E.2d 1230, all prior Ohio Supreme Court decisions on the matter had phrased the issue as being whether the board's decision was supported by reliable, probative, and substantial evidence. This court has previously noted the anomaly of *Brown* and conceded that it is unclear the extent to which the Supreme Court has sub silentio overruled its previous decisions holding appellate courts to an abuse-of-discretion standard. See, e.g., *Baughman v. Dept. of Pub. Safety Motor Vehicle Salvage* (1997), 118 Ohio App.3d 564, 570–571, 693 N.E.2d 851, at fn. 4; *Vogelsong v. Ohio State Bd. of Pharmacy* (Dec. 27, 1996), Scioto App. No. 96CA2448, 1996 WL 752325; *Wells v. Monroe Cty. Bd. of Commrs.* (Jun. 27, 1995), Scioto App. No. 94CA2273, 1995 WL 404994. We are also aware that a number of other appellate courts in the state have essentially ignored *Brown* and continue to apply an abuse-of-discretion standard in reviewing the ruling of a common pleas court. See, e.g., *Allgood v. Akron* (2000), 136 Ohio App.3d 529, 532, 737 N.E.2d 111; *Steinfels v. Ohio Dept. of Commerce, Div. of Securities* (1998), 129 Ohio App.3d 800, 803, 719 N.E.2d 76; *Quinlan v. Ohio Dept. of Commerce, Div. of Consumer Fin.* (1996), 112 Ohio App.3d 113, 117, 678 N.E.2d 225; *Sohi v. Ohio State Dental Bd.* (Oct. 23, 1998), Hamilton App. No. C–970739, 1998 WL 735361; *Goldman v. State Med. Bd. of Ohio* (Oct. 20, 1998), Franklin App. No. 98AP–238, 1998 WL 733817; *Seith v. Ohio Real Estate Comm.* (1998), 129 Ohio App.3d 432, 717 N.E.2d 1169. Until further clarification comes from the Supreme Court on this matter, we will continue to apply the abuse-of-discretion standard in reviewing common pleas court decisions on administrative appeals.

appellate review under the abuse-of-discretion standard, appellate courts are admonished that they must not substitute their judgment for that of the trial court. See *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181; *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, 787 N.E.2d 631, ¶ 13; *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. With these principles in mind, we turn our attention to the assignments of error.

## II

{¶ 9} We first proceed, out of order, to the fourth assignment of error, which asserts that the trial court erred in not reversing the board's decision. In particular, the appellant contends that the board "incorrectly determined that salvage motor vehicles could not be sold for 'parts only' " and that the trial court should have reversed it on that issue. We disagree.

{¶ 10} As this court noted in *Jack Fish I*, 2002-Ohio-4222, at ¶ 1, "the Board is in the best position to interpret its own technical requirements" with regard to whether the sale of a "salvage vehicle" constitutes a vehicle sale or a salvage parts sale. Moreover, administrative agencies are in the best position to interpret technical requirements of their profession and reviewing courts must, absent a showing of an abuse of discretion, defer to those interpretations. Id. at ¶ 9; *Pons,* 66 Ohio St.3d at 621–622, 614 N.E.2d 748.

{¶ 11} Although William Leach testified that he believed that an entire vehicle could be sold as a "parts car," and Fish testified to the same effect, the board is not obligated to accept ipso facto either opinion. Rather, the board determined that "a salvage dealer may not properly sell a salvage vehicle for parts only." Appellant cites no statute or administrative regulation to prohibit that interpretation, and we have found none in our own research.

{¶ 12} Therefore, we cannot say that board abused its discretion in interpreting the law in that fashion, and we cannot find that the trial court abused its discretion in affirming the board's decision on that point. The fourth assignment of error is accordingly overruled.

## III

{¶ 13} We now turn to the appellant's fifth and sixth assignments of error, which assert that even if the board permissibly determined that vehicles

could not be sold for parts only, the board still erred by applying that determination retrospectively in this case and suspending the appellant's license. We agree, albeit on much narrower grounds than appellant argues in its brief.

{¶ 14} As mentioned above, this court held in *Jack Fish I*, 2002-Ohio-4222, at ¶ 10, that if the board determined that salvage vehicles could not be sold solely for parts, "salvage dealers *must be put on notice* that they must physically break down the vehicle before [the sale can be] considered a parts sale." (Emphasis added.) In other words, if the board was going to interpret what the appellant did as a violation of statutory and administrative regulations, then it must give the appellant notice of that interpretation and the opportunity to alter its business practice. The board could not apply its interpretation retrospectively, find a violation of its requirements, and then revoke appellant's license on grounds of that violation.

{¶ 15} For all practical purposes, this case must be dismissed without any disciplinary action. Appellant, however, is now on notice that salvage dealers may not sell salvage vehicles for parts only. If the appellant conducts its business in that fashion subsequent to the board's decision, a new investigation and proceeding can be commenced. At the present time, however, its license cannot be suspended for retrospective application of the board's interpretation.

{¶ 16} For this reason only, we sustain the appellant's fifth and sixth assignments of error.[3]

## IV

{¶ 17} With the investigation and administrative proceeding against it dismissed, the appellant's other arguments that address the alleged unconstitutionality of the statute and administrative regulations, as well as its contention that the board's initial investigation was improper, are rendered moot. If the appellant wants to challenge the constitutionality of the law, or challenge the propriety of the board's investigations, it must do so in a subsequent proceeding. Any comment by this court on those issues here, now that the case against appellant is being dismissed, would constitute an advisory opinion. Thus, we disregard the remaining assignments of error pursuant to App.R. 12(A)(1)(c).

---

**3.** We emphasize that our ruling is based strictly on our prior holding in *Jack Fish I* that salvage dealers must be given notice of the board's regulatory interpretation. That holding is binding under the law-of-the-case doctrine. See *In Defense of Deer v. Cleveland Metroparks* (2000), 138 Ohio App.3d 153, 161, 740 N.E.2d 714; *Shimko v. Lobe*, 152 Ohio App.3d 742, 2003-Ohio-2200, 790 N.E.2d 335, ¶ 24; *Donnelly v. Kashnier*, Medina App. No. 02CA51–M, 2003-Ohio-639, 2003 WL 294413, ¶ 25. We need not, and do not, reach appellant's constitutional arguments on this point.

{¶ 18} Having sustained the fifth and sixth assignments of error to the limited extent discussed herein, we hereby reverse the trial court's judgment. The revocation of the appellant's salvage dealer's license is hereby vacated and the proceeding against it dismissed, with the caveat that appellant must now comply with the board's determination that salvage vehicles cannot properly be sold for parts.

Judgment reversed
and case dismissed.

PETER B. ABELE, P.J., KLINE and GREY, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.