DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that denied a request by Jack Fish and Sons, Inc., movant below and appellant herein, for reimbursement of fees and costs pursuant to R.C. 2335.39.
 {¶ 2} Appellant assigns three errors in Case Number 05CA2998 for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO DETERMINE THAT APPELLANT WAS A `PREVAILING ELIGIBLE PARTY' AND GRANT APPELLANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO RC §§ 119.12 AND 2335.39."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO DETERMINE THAT THE OHIO MOTOR VEHICLES SALVAGE DEALER'S LICENSING BOARD WAS NOT SUBSTANTIALLY JUSTIFIED IN ITS POSITION IN INITIATING THE INVESTIGATION AND MAINTAINING THE ADMINISTRATIVE PROCEEDINGS AGAINST APPELLANT AND GRANT APPELLANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO RC §§ 119.12 AND 2335.39."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN BOTH SUMMARILY OVERRULING THE APPELLANT'S MOTION FOR ATTORNEY'S FEES AND FAILING TO FOLLOW THE REQUIREMENTS OF RC §§ 2335.39(B)(2)."
 {¶ 3} In Case Number 05CA3023 appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT WAS DIVESTED OF JURISDICTION UPON APPELLANT'S FILING OF THE NOTICE OF APPEAL OF THE INITIAL DENIAL OF APPELLANT'S MOTION FOR ATTORNEY'S FEES WHICH IS THE SUBJECT OF CASE NO. 05CA-2998 AND WAS THEREAFTER FORECLOSED FROM TAKING FURTHER ACTION IN REGARDS TO THE MOTION FOR ATTORNEY FEES."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO SET ASIDE JUDGMENT ENTRY IN LIGHT OF APPELLANT'S FILING OF THE NOTICE OF APPEAL FILED IN 05CA-2998 ON APRIL 14, 2005."
 {¶ 4} This case has a complex procedural history. In 1999, the Ohio Motor Salvage Dealers Licensing Board, respondent below and appellee herein, received a complaint that appellant "was not operating primarily for purposes of selling at retail salvage motor vehicle parts" as required by R.C. 4738.03(A). After an investigation and a notice of intent to take action against appellant's license, appellee conducted a hearing. Following the hearing, appellee concluded that appellant violated R.C.4738.03(A) and revoked appellee's license.
 {¶ 5} Appellant appealed the order and the trial court
 {¶ 6} reversed the decision. Appellee appealed that judgment and we, the appellate court, reversed the trial court's judgment and remanded the matter for a de novo hearing. See In re JackFish and Sons, Inc., Scioto App. No. 01CA2812, 2002-Ohio-4222. After the hearing, appellee again determined that appellant violated R.C. 4738.03(A). Appellant appealed that order and the trial court affirmed appellee's order. Appellant then appealed that judgment. After our review, we reversed the trial court's judgment. See In re Jack Fish and Sons, Inc., Scioto App. No. 04CA2949, 2005-Ohio-545. In support of our disposition we cited our previous decision and the law of the case doctrine.
 {¶ 7} Subsequently, appellant filed a motion in the trial court requesting attorney fees. Appellant contended, under R.C.2335.39, that it is a "prevailing eligible party" and that the state was not "substantially justified" in initiating the matter in controversy. See R.C. 2335.39(B)(1) and (2).[1] The trial court apparently disagreed with appellant and summarily overruled the motion. The appeal in Case No. 05CA2998 followed that judgment.
 {¶ 8} On June 30, 2005 the trial court again denied appellant's fee request. In its judgment entry the court also included findings, conclusions and reasons in support of its decision. The appeal in Case No. 05CA3023 followed that judgment.[2]
 {¶ 9} R.C. 2335.39 provides that a court, when deciding a request for fees incurred in connection with an action, shall issue an order, in writing, that shall include (1) a statement indicating whether an award has been granted; (2) the findings and conclusions underlying the order; and (3) the reasons or bases for the findings and conclusions. Appellant contends that the trial court erred in determining that appellee was substantially justified in initiating the instant action. We disagree with appellant.
 {¶ 10} We believe, after our review of the record, that the trial court's judgment includes ample reasons, findings and conclusions to support its decision to deny appellant's request for fees. The trial court noted that appellee possessed ample information to indicate that the instant action was "substantially justified." Moreover, our review of rather simple and straightforward evidence supports the trial court's conclusion that appellee was "substantially justified" in initiating the matter. Further, we agree with the trial court and appellee that appellee's failure to prevail on appeal does not require a conclusion that appellee's position was not substantially justified. In sum, we find no error with the trial court's judgment in this matter. We further conclude that appellant's remaining assignments of error have been rendered moot. See App.R. 12.
 {¶ 11} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion
[1] R.C. 2335.39 provides in pertinent part: (B)(1) Except as provided in divisions (B)(2) and (F) of this section, in a civil action, or appeal of a judgment in a civil action, to which the state is a party, or in an appeal of an adjudication order of an agency pursuant to section 119.12 of the Revised Code, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the action or appeal. Compensation, when payable to a prevailing eligible party under this section, is in addition to any other costs and expenses that may be awarded to that party by the court pursuant to law or rule.
* * *
(2) Upon the filing of a motion under this section, the court shall review the request for the award of compensation for fees and determine whether the position of the state in initiating the matter in controversy was substantially justified, whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the action or appeal that unduly and unreasonably protracted the final resolution of the matter in controversy. The court shall issue an order, in writing, on the motion of the prevailing eligible party, which order shall include a statement indicating whether an award has been granted, the findings and conclusions underlying it, the reasons or bases for the findings, and conclusions, and, if an award has been granted, its amount. The order shall be included in the record of the action or appeal, and the clerk of the court shall mail a certified copy of it to the state and the prevailing eligible party.
* * *.
[2] The thrust of appellant's first appeal (Case No. 05CA2998) was that the trial court's March 16, 2005 judgment did not include sufficient findings, conclusions and reasons. After appellant filed his notice of appeal with respect to the March 16, 2005 judgment, the trial court on June 30, 2005 issued a second judgment that included findings, conclusions and reasons. Appellant appealed that judgment (Case No. 05CA3023) and asserts that the trial court lacked jurisdiction to issue its June 30, 2005 judgment. After our review of this matter, we choose to treat appellant's notice of appeal from the trial court's March 16, 2005 judgment as prematurely filed, and we hereby consolidate Case No. 05CA2998 with Case No. 05CA3023 for purposes of review and determination.