DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal and cross-appeal from a Vinton County Common Pleas Court partial summary judgment in favor of Donald and Bobbie Jo Keffer, plaintiffs below and appellees herein.
 {¶ 2} Central Mutual Insurance Company, defendant below and appellant herein, raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN RULING THAT THE *Page 2 
DEFINITION OF THE TERM `INSURED' FOR PURPOSES OF UNINSURED/UNDERINSURED MOTORIST COVERAGE IN THE RUTH POLICY, WHICH PREVENTED A RUTH VEHICLE PASSENGER FROM HAVING UM/UIM COVERAGE UNDER THAT POLICY IF THEY WERE INSURED FOR THAT TYPE OF COVERAGE AS A NAMED INSURED OR INSURED FAMILY MEMBER UNDER ANOTHER POLICY, WAS VOID AND UNENFORCEABLE BECAUSE IT WAS CONTRARY TO THE PURPOSES AND INTENT OF R.C. 3937.18."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN GRANTING THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AS THOSE MOTIONS RELATED TO THE EXISTENCE OR NONEXISTENCE OF UM/UIM COVERAGE UNDER THE RUTH POLICY FOR DONALD KEFFER, AND FOR THE CONSORTIUM AND LOSS OF SERVICES CLAIM OF HIS WIFE BOBBIE J. KEFFER."
 {¶ 3} The Keffers raise the following cross-assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-CROSS APPELLANTS, DONALD AND BOBBY JO KEFFER, BY PERMITTING AMOUNTS PAID TO THEM BY DEFENDANT-APPELLANT, PURSUANT TO THE `KEFFER' POLICY, KNOWN AS POLICY NUMBER FMA-4122644, TO BE SET OFF FROM THE `RUTH' POLICY, KNOWN AS POLICY NUMBER FMA-416263."
 {¶ 4} On May 24, 2004, Donald and Bobbie Jo Keffer, along with their daughter Alexis, suffered injuries in an automobile accident. Bobbie Jo Keffer's father also was present and unfortunately died as a result of the accident. The tortfeasor, Linda D. Sweany, also died as a result of the accident. Donald Keffer had borrowed Rosannah Ruth's (his mother-in-law) vehicle to transport the foursome to an outing in Columbus.
 {¶ 5} At the time of the accident, Central Mutual insured both the Keffers and Bobbie Jo Keffer's parents, Roy and Rosannah *Page 3 
Ruth. The Keffers' policy contained underinsured motorists (UIM) coverage limits of $50,000 per person and $100,000 per accident. The Ruths' policy contained UIM coverage limits of $100,000 per person and $300,000 per accident. State Farm Insurance Company insured the tortfeasor. Her policy provided liability limits of $25,000 per person and $50,000 per accident.
 {¶ 6} Donald Keffer received $4,525 from the tortfeasor's liability insurer. Central Mutual paid Donald Keffer $5,000 in medical payments coverage and $45,475 in UIM coverage under the Keffers' policy. Central Mutual also paid Donald Keffer $5,000 in medical payments coverage under the Ruths' policy. However, it denied his claim for UIM coverage under the Ruths' policy. Central Mutual asserted that Donald Keffer did not qualify as an "insured" under the UIM policy provisions.[1]
 {¶ 7} The Keffers filed a complaint against Central Mutual and claimed that they are entitled to UIM coverage under the Ruths' policy. Both parties filed cross-motions for summary judgment. The trial court granted the Keffers partial summary judgment and determined that R.C.3937.18(C) mandates UIM coverage, when included, for "persons insured by the `policy of insurance.'" The court found that the Ruth policy included UIM coverage and that the Keffers qualify as "insureds" under the *Page 4 
liability provisions of the policy. The trial court reasoned that R.C.3937.18(C) requires UIM coverage for the Keffers because they are "insureds thereunder." The court found that interpreting the policy as Central Mutual suggested "would eliminate [UIM] coverage altogether." The court stated that Central Mutual's definition of insured under the UIM policy provisions was invalid because it attempts to limit recovery contrary to R.C. 3937.18. This appeal followed.
 {¶ 8} Because appellant's assignments of error both challenge the trial court's summary judgment decision, we consider them together.[2]
Initially, we note that when an appellate court reviews a trial court's summary judgment decision, the appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Thus, appellate courts must independently review the record to determine if summary judgment is appropriate and the appellate *Page 5 
court need not defer to the trial court's decision. See Brown v.Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786.
 {¶ 9} Civ.R. 56(C) provides, in relevant part, as follows:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and after viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164.
 {¶ 10} An insurance policy is a contract. Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, *Page 6 
at ¶ 9. Our role in interpreting a contract is to give effect to the contracting parties' intent. Id. at ¶ 11. In doing so, we must examine the insurance contract as a whole and presume that the language used in the policy reflects the parties' intent. Id., citing Kelly v. Med. LifeIns. Co. (1987), 31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of the syllabus. "We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." Id., citing Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph two of the syllabus. When the words used are clear, we "may look no further than the writing itself to find the intent of the parties." Id. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning. Id.
 {¶ 11} A clear, unambiguous underinsured motorist coverage provision is valid and enforceable as long as the provision is not "contrary to the coverage mandated by R.C. 3937.18(A)." Moore v. State Auto. Mut.Ins. Co. (2000), 88 Ohio St.3d 27, 28-29, 723 N.E.2d 97. Provisions in an automobile liability insurance policy that vary from statutory requirements are unenforceable. Ross v. Farmers Ins. Group of Cos.
(1992), 82 Ohio St.3d 281, 287, 695 N.E.2d 732.
 {¶ 12} R.C. 3937.18(C) provides that if UIM coverage is included in an insurance policy, then UIM coverage must "provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any insured under the *Page 7 
policy * * *." "It is perfectly within the province of an insurance provider to define who will be an insured." Shepherd v. Scott, Hancock App. No. 5-02-22, 2002-Ohio-4417, citing Holliman v. Allstate InsuranceCo. Corp. (1999), 86 Ohio St.3d 414, 715 N.E.2d 532. "Nothing in R.C.3937.18 * * * prohibits the parties to an insurance contract from defining who is an insured person under the policy." Holliman,86 Ohio St.3d at 416-417 (citations omitted).
 {¶ 13} A few cases have considered the validity of a UIM policy provision that limits the definition of an "insured" as Central Mutual's policy does in the case at bar. For example, in Shepherd, the insurance policy's UM/UIM provisions defined an insured as: "* * * Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage under another policy." The court disagreed with the appellant that the insurer could not limit the definition of an "insured" within the UIM policy provisions. The Shepherd court also rejected the argument that because the injured passenger qualified as an insured for purposes of liability insurance under the driver's policy, then UM/UIM coverage in the same amount should arise by operation of the law.
 {¶ 14} In Safeco Ins. Co. of Illinois v. Motorists Mut. Ins. Co., Cuyahoga App. No. 86124, 2006-Ohio-2063, the court likewise rejected the argument that the UIM definition of an "insured" may not vary from the general liability definition of an "insured." The court explained: *Page 8 
 "Indeed, R.C. 3937.18 does not mandate who must be an insured for purposes of UM/UIM coverage, and the parties to the insurance contract are free to draft and negotiate their own restrictions regarding who is and is not an insured for various coverage. Id. No public policy or statute prohibits this form of policy restriction. Id."
Id. at ¶ 15.
 {¶ 15} Similarly, in Mitchell v. Motorists Mutual Ins. Co., Franklin App. No. 04AP-589, 2005-Ohio-3988, the court held that "nothing in R.C.3937.18, which governs permissible terms for underinsured/uninsured motorists coverage, restricts the parties' freedom to define who is and who is not an insured." The Mitchell court concluded that the insurer used "its ability to define who is an insured under the policy to exclude from that definition passengers who are insureds under other policies. Although [the injured party] is unhappy with the result, i.e., that he is limited to collecting benefits only under his cousin's policy, no public policy or statute prohibits it or even militates against it." Id. at ¶ 22 and ¶ 30.
 {¶ 16} In the case at bar, we believe that nothing prohibits Central Mutual from defining who is an insured under the UIM policy provisions. We agree with the rationales expressed in Shepherd, Mitchell, andSafeco that limiting the definition of an insured as Central Mutual has in the case at bar does not contravene R.C. 3937.18.[3] *Page 9 
 {¶ 17} Accordingly, based upon the foregoing reasons, we sustain appellant's two assignments of error and reverse and remand the trial court's judgment for further proceedings. Our disposition of appellant's appeal renders appellees' cross-appeal moot. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate
pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Abele, J.: Concur in Judgment Opinion
Kline, J.: Concurs in Judgment Only
[1] Central Mutual s policy defines an "insured" for purposes of UIM coverage as:
 "1. You or any `family member.'
 2. Any other person occupying your covered auto who is not a named insured or an insured `family member' for [UM/UIM] coverage under another policy."
[2] Although appellant raises two assignments of error, it presents only one argument. App.R. 16(A)(7) requires separate arguments for each assignment of error. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. See, e.g., In re Jack Fish Sons Co.,Inc., 159 Ohio App.3d 649, 2005-Ohio-545, 825 N.E.2d 171; State v.Bloomfield, Ross App. No. 03CA2720, 2004-Ohio-749, at ¶ 10, fn. 2. Appellate courts may disregard any assignments of error that an appellant fails to separately argue. See App.R. 12(A)(2). Thus, we would be within our discretion to simply disregard appellant's assignments of error and summarily affirm the trial court. See Jack Fish; Park v.Ambrose (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469; State v.Caldwell (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3. Nonetheless, in the interests of justice, we will review appellant's arguments.
[3] While the parties have raised various other arguments, we do not believe it is necessary to address them. Our decision that Central Mutual may limit the definition of an insured within the UIM policy provisions obviates the other arguments. *Page 1