GRUBER, Appellant,

v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, Appellee.

[Cite as *Gruber v. Ohio Dept. of Job & Family Serv.*, 153 Ohio App.3d 6, 2003-Ohio-2528.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1167.

Decided May 9, 2003.

Donald C. Brey and Thom L. Cooper, for appellant.

Jim Petro, Attorney General, and Rebecca L. Thomas, Assistant Attorney General, for appellee.

LANZINGER, Judge.

{¶ 1} Ruth Gruber appeals from a judgment issued by the Lucas County Court of Common Pleas in an administrative appeal from a decision concerning Medicaid qualifications and improper transfers. Because we conclude that the common pleas court properly affirmed the administrative appeal decision, we affirm.

{¶ 2} On February 14, 2001, Gruber, who was entering a nursing home, filed an application for Medicaid assistance. After examining her financial records, Lucas County Department of Job and Family Services ("LCDJFS" or "agency") approved the application but found two improper transfers of resources. The first transfer involved $61,000 transferred to Gruber's daughter in November 1998. The daughter returned $12,000 of this money to her mother in January 2001. As a result, the agency found the net amount of the improper transfer to be $49,000. By dividing this amount by $3,411, the monthly average private pay rate for nursing home care, the agency determined that Gruber's Medicaid benefits would be restricted for a 14–month period.

{¶ 3} The second improper transfer involved the transfer of Gruber's condominium in February 1999. She retained an "nonassignable and inalienable" life estate interest in the condominium. At the time of this transfer, the condominium had a tax value of $55,228.57. In October 2000, the tax value increased to $58,914.29. The LCDJFS valued Gruber's life estate at $0, utilized the most recent tax value, and determined that her Medicaid benefits would be restricted for an additional 17 months.

{¶ 4} Gruber properly appealed the issue of the life estate valuation to both the state hearing officer, and then the Director of the Ohio Department of Job and Family Services. The state hearing officer issued a decision on May 9, 2001; the director's administrative appeal decision was issued on June 6, 2001. Both decisions reflected the same determinations. In order to qualify for Medicaid, an applicant may retain only a $1,500 value in specified assets. By the language of

the transfer documents, Gruber's life estate interest was not saleable or transferable. Thus, according to Ohio Adm.Code 5101:1–39–32, the life estate had no value as a resource for purposes of Gruber's approval for Medicaid benefits.

{¶ 5} Likewise, according to the administrative decisions, the life estate had no value to offset against the value of the improper transfer. Therefore, since Gruber retained no saleable or transferable interest, the entire value of the condominium was properly considered when determining the number of months of restricted benefits. Both decisions on appeal found that the agency should have used the tax value of the condominium at the time of the transfer, $55,228.57, rather than the later increased value of $58,914.29. The value placed on the condominium was thus modified and the number of months for restriction for that transfer was reduced from 17 to 16.

{¶ 6} Gruber then appealed to the Lucas County Court of Common Pleas. After reviewing the record, the court affirmed the June 6, 2001 decision.

{¶ 7} Gruber now appeals from the common pleas judgment, setting forth the following two assignments of error:

{¶ 8} "Assignment of Error No. 1

{¶ 9} "The Trial Court erred in affirming appellee's administrative appeal decision because appellee's June 6, 2001 and May 9, 2001 decisions are not in accordance with law.

{¶ 10} "Assignment of Error No. 2

{¶ 11} "The trial court erred in affirming appellee's administrative appeal decision because appellee's June 6, 2001 and May 9, 2001 decisions are not supported by reliable, probative and substantial evidence."

{¶ 12} We will address Gruber's two assignments of error together. An appeal from an administrative appeal decision of the Director of the Job and Family Services Agency may be taken in the court of common pleas pursuant to R.C. 119.12. Under R.C. 119.12, the court of common pleas must review an agency order to determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." An appellate court, on the other hand, is limited to determining whether the common pleas court abused its discretion in reviewing the evidence in support of the administrative order. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240; *Albert v. Ohio Dept. of Human Serv.* (2000), 138 Ohio App.3d 31, 34, 740 N.E.2d 310. Issues of law, however, are reviewed de novo. *Sohi v. Ohio State Dental Bd.* (1998), 130 Ohio App.3d 414, 421, 720 N.E.2d 187. With this standard of review in mind, we must determine

whether the trial court abused its discretion when it concluded that the life estate had no value in offsetting the amount of the improper transfer.

{¶ 13} At the time of Gruber's transfers, Ohio Adm.Code 5101:1–39–32(C) provided that "[u]nless the instrument (will, deed, etc.) establishing the life estate places restrictions on the rights of the life estate owner, the owner has the right to possess, use, and obtain profits from the property and to sell his or her life estate interest."[1]  Ohio Adm.Code 5101:1–39–32(E) stated:

{¶ 14} "(E) The CDHS [county departments of human services] must view the life estate instrument to determine the rights, responsibilities, and/or restrictions placed on the life estate owner and/or the remainderman.

{¶ 15} "(1) If the life estate owner has the right to use the property but cannot transfer that right, the property is not considered an available resource.  The CDHS shall not determine a value to be placed on the life estate in accordance with rule 5101:1–39–05 of the Administrative Code."

{¶ 16} Ohio Adm.Code 5101:1–39–05(1) defines "resources" as "cash and any other personal property, as well as any real property, that an individual and/or spouse owns, has the right, authority, or power to convert to cash (if not already cash), and is not legally restricted from using for his support and maintenance."

{¶ 17} In this case, Gruber's life estate interest was "non-assignable and inalienable."  Black's Law Dictionary, Fifth Edition, defines "inalienable" as "not subject to alienation; the characteristic of those things which cannot be bought or sold or transferred from one person to another, such as * * * certain property rights."  Similarly, "non-assignable" means something that cannot be transferred or negotiated.  Consequently, since Gruber's interest may not be sold or trans-ferred and may only be used by her, it has no value that can be converted to cash.  In other words, the very reason the condominium has no value as a resource for purposes of Gruber's initial qualification for Medicaid is the reason that its entire value must be included in the improper transfer.  To conclude otherwise would require an inconsistent, if not absurd, interpretation of the administrative code sections dealing with Medicaid qualifications.

{¶ 18} Gruber also contends her life estate has value because the deed that restricts this life estate is void under Ohio law.  Our research has not revealed that this is, in fact, a correct statement of the law.[2]  Moreover, there is

---

1.  Ohio Adm.Code 5101:1–39–32 was amended, effective November 2, 2002.  The current version has been reorganized and this language is now at Ohio Adm.Code 5101:1–39–32(A)(4).

2.  {¶ a} Gruber cites *Toledo Loan Co. v. Larkin* (1903), 15 Ohio C.D. 209, 1903 WL 574, for the proposition that "Ohio follows the general rule that a provision in a deed devising a legal life estate that purports to prohibit the life tenant from mortgaging or selling such estate, or from

nothing in the record to indicate that Gruber argued this issue before the trial court or at any other stage of the administrative appeal. Consequently, we decline to consider it for the first time on appeal. See *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 177, 25 OBR 243, 495 N.E.2d 904. Therefore, we conclude that the trial court did not abuse its discretion and properly included the entire value of the condominium when calculating the value of the improper transfer and resulting number of restricted Medicaid coverage months. Accordingly, Gruber's two assignments of error are not well taken.

{¶ 19} Finding that substantial justice was done to the parties, we affirm the judgment of the Lucas County Court of Common Pleas. Court costs of this appeal are assessed to appellant.

Judgment affirmed.

PIETRYKOWSKI and SINGER, JJ., concur.

---

voluntarily transferring it in any other way, is void." That case, however, actually deals with the property rights of remaindermen, not with the sale or transfer of a life estate. *Toledo Loan*, supra, states that "where property is devised to the widow for life with the remainder to children, with the proviso that the property shall not be sold during the life of the widow, the clause against alienation is repugnant *to the devise to the children,* and of no effect." (Emphasis added.)

{¶ b} We can find no statute or other cases which support Gruber's broad interpretation of *Toledo Loan*. Moreover, Gruber reserved a life estate or some other right to use the property *to herself.* Consequently, even presuming that Gruber's statement of the law is correct (which we are not), the effect would be to establish that Gruber had more than $1,500 in assets, which would then prevent her from initially qualifying for Medicaid.