[Cite as *Horsley v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-3553.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| JOSEPH HORSLEY, | : | Case No. 18CA3860 |
| | : | |
| Appellant-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| OHIO DEPARTMENT OF JOB & | : | |
| FAMILY SERVICES, | : | |
| | : | |
| Appellee-Appellee. | : | **Released: 08/29/19** |

APPEARANCES:

Joseph Horsley, Franklin Furnace, Ohio, Pro Se Appellant.

Dave Yost, Ohio Attorney General, and Justin T. Radic, Senior Assistant Ohio Attorney General, Health and Human Services Section, Ohio Attorney General's Office, Columbus, Ohio, for Appellee.

Per Curiam.

{¶1} This is an appeal from a Scioto County Court of Common Pleas judgment entry affirming an Ohio Department of Job and Family Services (ODJFS) decision that determined Appellant's request for a state hearing to contest the denial of certain benefits was properly dismissed. Because we find the trial court properly affirmed the decision by ODJFS, the judgment of the trial court is affirmed.

FACTS

{¶2}  Appellant filed for a request for a state hearing with ODJFS alleging that his food stamp benefits and Medicaid coverage were "wrongfully withheld." In a box on Appellant's request for a hearing that asked if the applicant needed "an interpreter, a signer, or other assistance, at [the] state hearing," Appellant wrote: "My right to a hearing in writing."  In a letter accompanying his appeal, Appellant reiterated: "Please take notice, the Appellant is exercising his right to have a fair hearing in writing, not orally."

{¶3}  ODJFS sent a notice that Appellant's hearing was scheduled for September 25, 2017 at Scioto CDJFS[1], 710 Court St. Portsmouth, Ohio 45662-1347.  The notice stated: "If you do not come to this hearing, you will receive a dismissal notice * * *."

{¶4} On September 23, 2017, Appellant drafted a letter to ODJFS requesting a postponement of his hearing because he was unable to have the necessary subpoenas ready by the hearing date.

{¶5}  ODJFS sent a new notice to Appellant that a hearing was scheduled for October 16, 2017 at the Scioto CDJFS, 710 Court St. Portsmouth, Ohio 45662-1347.  The notice again stated: "If you do not come to this hearing, you will receive a dismissal notice * * *."

---

[1]  County Department of Job and Family Services.

{¶6} On October 16, 2017, Appellant faxed a letter to ODJFS indicating that he was "exercising his right to have a fair hearing in writing, not orally." The letter also indicated that he was seeking information from ODJFS by subpoena.

{¶7} On October 17, 2017, ODJFS sent a notice to Appellant that his appeal had been dismissed as abandoned because neither he nor his representative came to the October 16, 2017 hearing. The notice included instruction on how to appeal.

{¶8} Appellant appealed the dismissal to ODJFS. ODJFS affirmed the dismissal finding that Appellant's request for a hearing was dismissed as abandoned because he failed to attend the scheduled hearing. ODJFS also found there is "no procedure to provide an appeal in writing and forgo the state hearing process."

{¶9} Appellant appealed the decision by ODJFS to the Scioto County Court of Common Pleas continuing to insist that he had a right to participate in a state hearing "in writing." The court affirmed the ODJFS decision that dismissed Appellant's request for a state hearing. It is from this judgment that Appellant appeals to this court, asserting two assignments of error.

ASSIGNMENTS OF ERROR

I.     IT IS ASSIGNMENT OF ERROR [*SIC*] THE LOWER COURT
       "COPIED AND PASTED" FROM THE AGENCY DECISION
       (AND AGENCY APPEAL BRIEF FILED WITH THE COURT),
       INSTEAD OF REVIEWING THE RECORD, AT ANY TIME, TO
       DETERMINE IF THE DECISION IS CORRECT, BASED ON THE
       EVIDENCE IN THE RECORD. THE LOWER COURT

WILLFULLY FAILED TO REVIEW THE RECORD AS REQUIRED BY LAW, TO EVALUATE IF THE DECISION OF THE AGENCY IS SUPPORTED BY FACTS AND RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.

II.     IT IS ASSIGNMENT OF ERROR [*SIC*] THE LOWER COURT RESORTED TO "COPYING AND PASTING" FROM THE AGENCY DECISION (AND AGENCY APPEAL BRIEF FILED WITH THE COURT), INSTEAD OF REVIEWING THE RECORD, AT ANY TIME, TO DETERMINE IF THE DECISION IS IN ACCORDANCE WITH THE LAW, AND OTHERWISE UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, AND UNREASONABLE.  IN DOING SO, THE LOWER COURT WILLFULLY MISAPPLIED LAW BY RULING THAT THE OAC SUPERSEDES THE R.C. AND THAT A CONFLICT BETWEEN THE R.C. AND THE OAC SHOULD BE MADE IN FAVOR OF THE AGENCY 'DESIRES.'  FURTHER, THE LOWER COURT ERRED IN IGNORING THE UNCONSTITUTIONAL, ILLEGAL, ARBITRARY, CAPRICIOUS, AND UNREASONABLE ACTIONS, ATTEMPTING TO ALLOW THEM TO ESCAPE JUDICIAL REVIEW.  STILL FURTHER, THE LOWER COURT FAILED TO APPLY R.C. 1.11 TO THE AGENCY RULES, AND FOLLOW FEDERAL LAW.

STANDARD OF REVIEW

{¶10}  An appeal from an administrative appeal decision of the Director of the Job and Family Services Agency may be taken in the court of common pleas pursuant to R.C. 119.12.  Under R.C. 119.12, the court of common pleas must review an agency order to determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." An appellate court, on the other hand, is limited to determining whether the common pleas court abused its discretion in reviewing the evidence in support of the administrative

order.  *Gruber v. Ohio Dep't of Job & Family Serv.*, 153 Ohio App.3d 6, 2003-Ohio-2528, 790 N.E.2d 800 (6th Dist.) ¶ 12, *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.,* 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992).  "To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."  *In re Jack Fish & Sons Co., Inc.*, 159 Ohio App.3d 649, 655-656, 2005-Ohio-545, 825 N.E.2d 171 (4th Dist.), ¶ 7-8.

{¶11}  Issues of law, however, are reviewed de novo.  *Gruber*, at ¶ 12, citing *Sohi v. Ohio State Dental Bd.,* 130 Ohio App.3d 414, 421, 720 N.E.2d 187 (1st Dist. 1998).

## ASSIGNMENT OF ERROR I

{¶12}  Appellant argues that the trial court failed to determine the true facts of the case, and instead only used the agency's decision in affirming the dismissal of his request for a state hearing.  Appellant cites several instances in which he claims that the trial court misstated certain facts in the case.  For example, Appellant asserts the trial court mistakenly stated that Appellant appealed a decision from ODJFS.  Appellant claims his appeal was from ODJFS *and* the Ohio

Department of Medicaid. In fact, ODJFS conducts hearings for Medicaid benefits. The mere fact that the trial court did not mention both is a non sequitur.

{¶13} Appellant also argues that "there is no evidence in the record supporting that [a] dismissal occurred." This argument is also meritless. Attached to Appellant's "notice of administrative appeal" of the dismissal of his request for a state hearing is a "Notice of Abandoned Hearing," which explained "[y]our state hearing request will be dismissed as abandoned because you or your authorized representative did not come to the hearing scheduled for 10/16/2017."

{¶14} Because we find that the trial court did not abuse its discretion in holding the order by ODJFS affirming the dismissal of Appellant's hearing request was supported by reliable, probative, and substantial evidence, we overrule Appellant's first assignment or error.

## ASSIGNMENT OF ERROR II

{¶15} In his second assignment of error, Appellant appears to contend that the trial court incorrectly applied the Ohio Administrative Code in affirming the dismissal by ODJFS of Appellant's request for a state hearing, and instead should have applied R.C. 119, which Appellant claims permits applicants to attend a state hearing in writing.

{¶16} In seeking to challenge a denial of benefits, "[a]n Appellant is first entitled to a state hearing by the ODJFS [pursuant to] R.C. 5101.35(B). That

decision may be appealed to the director of the ODJFS [pursuant to] R.C.

5101.35(C)." And the agency's decision may be appealed "to the court of common

pleas, pursuant to R.C. 119.12. R.C. 5101.35(E)." *Rodefer v. McCarthy*, 2015-

Ohio-3052, ¶ 35, 36 N.E.3d 221, ¶ 16.

{¶17} R.C. 5101.35, in pertinent part states:

(B) Except as provided by divisions (G) and (H) of this section, an

Appellant who appeals under federal or state law a decision or order

of an agency administering a family services program shall, at the

Appellant's request, be granted a state hearing by the department of

job and family services. *This state hearing shall be conducted in*

*accordance with rules adopted under this section.* The state hearing

shall be recorded, but neither the recording nor a transcript of the

recording shall be part of the official record of the proceeding.

(Emphasis added.)

* * *

(F) The department of job and family services *shall adopt rules in*

*accordance with Chapter 119 of the Revised Code to implement this*

*section*, including rules governing the following:

(1) State hearings under division (B) of this section. *The rules shall*

*include provisions regarding* notice of eligibility *termination* and the

opportunity of an Appellant appealing a decision or order of a county

department of job and family services to request a county conference

with the county department before the state hearing is held.

{¶18} R.C. 5101.35(B) addresses how state hearings are conducted, and (F)

states that ODJFS "shall adopt rules * * * to implement this section." Therefore,

contrary to Appellant's assertion, the only role of R.C. Chapter 119 regarding an

application for a state hearing appears in R.C. 5101.35(F), which is to provide

"*procedures* for the adoption, amendment, and rescission of administrative rules"

that ODJFS adopts to implement state hearings. (Emphasis added.) *Crawford-Cole*

*v. Lucas Cty. Dep't of Job & Family Servs.*, 121 Ohio St.3d 560, 564, 2009-Ohio-

1355, 906 N.E.2d 409, ¶ 28. Appellant does not allege that the rules adopted by

ODJFS that are applicable to his case were out of compliance with rule-making

procedures.

{¶19} Consistent with the dictates of R.C. 5101.35(F) (The department of

job and family services *shall adopt rules * * ** to implement this section), ODJFS

adopted Ohio Admin. Code 5101:6-5-03, which, in pertinent part, provides:

* * *

(E) A request for a state hearing may be dismissed only for the

following reasons:

* * *

(2) The request is abandoned. *A state hearing request is "abandoned" when the individual or authorized representative fails, without good cause, to attend the state hearing.* A "state hearing" is defined as the initial state hearing, a hearing that has been rescheduled, or a hearing that has been continued.

(a) *When the hearing has been abandoned, the individual and authorized representative shall be notified that the hearing request will be dismissed if good cause for failing to attend is not shown within ten days of the mailing date of the notice.*

(b) The hearing shall be rescheduled if the individual or authorized representative contacts the hearing authority, in writing or by telephone, within the ten-day period and establishes good cause.

(c) *The request shall be dismissed as abandoned if the bureau does not receive a showing of good cause within the ten-day period.* The date of dismissal is the day after the ten-day period ends.

(d) *If the individual contacts the hearing authority but fails to establish good cause, the individual shall be given written notice of that determination and of the right to and the method of obtaining an administrative appeal.* Copies shall be sent to the local agency.

(e) "Good cause" is defined as death in the immediate family, sudden illness or injury of the individual or a member of the individual's immediate family, or other circumstances that reasonably prevented attendance at the hearing.

(f) The hearing authority shall have final authority to determine if good cause was timely shown. Verification of good cause may be required.

{¶20}  "The primary goal in construing an administrative rule is to ascertain and give effect to the intent of the rule-making authority." *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11.  "Courts interpret administrative rules in the same manner as statutes." *State v. Moore*, 4th Dist. Athens No. 12CA26, 2013-Ohio-5506, 5 N.E.3d 41, ¶ 9, citing *McFee v. Nursing Care Mgt. of Am., Inc.,* 126 Ohio St.3d 183, 2010-Ohio-2744, 931 N.E.2d 1069, ¶ 27.  "If a statutory term is not defined, " 'it should be accorded its plain and ordinary meaning.' " " *Denuit v. Ohio State Bd. of Pharmacy*, 4th Dist. Jackson Nos. 11CA11, 11CA12, 2013-Ohio-2484, 994 N.E.2d 15, ¶ 30, quoting *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer,* 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 49, quoting *Rhodes v. New Philadelphia,* 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 17.  " 'Courts have used dictionary definitions to determine the plain and ordinary

meaning of a statutory term.' " *Id*, quoting *State v. Jackson,* 12th Dist. Butler No. CA2011–06–096, 2012-Ohio-4219, 2012 WL 4056778, ¶ 34.

{¶21} Under Ohio Admin. Code 5101:6-5-03(E)(2), a request for a state hearing is deemed abandoned, and can eventually be dismissed, if the individual or his or her representative "fails to *attend*" the state hearing absent good cause. (Emphasis added) "Attend" is not defined in the rule, but its plain and ordinary meaning is "to be present at **:** to go to" https://www.merriam-webster.com/dictionary/attend. Being present at the hearing, in person or by phone, is also consistent with the requirement that "[t]he state hearing shall be recorded * * *." R.C. 5101.35. Clearly, submitting a written document is not attending the hearing within this definition, which requires a personal presence.

{¶22} As recited in more detail in the facts section of this decision above, the documentation from ODJFS stated that failure to attend the hearing could result in abandonment, and eventually dismissal, of an applicant's request for a state hearing. And despite this, Appellant continued to insist that he had a right to attend the hearing through a written document or documents. Ultimately, Appellant failed to attend any scheduled hearing, and his request for a state hearing was determined to be abandoned and eventually dismissed.

{¶23} As such, Appellant's argument that R.C. 119 permits a person to attend a state hearing by submitting written documents is unsupported in the law

because R.C. 5101.35(B) and Ohio Admin. Code 5101:6-5-03 outline that process, and they do not provide for an applicant to attend a state hearing through a written document.

{¶24} Because the trial court's judgment affirming the dismissal by ODJFS of Appellant's application for a state hearing is supported by reliable, probative, and substantial evidence and in accordance with law, we find that the trial court did not abuse its discretion and we overrule Appellant's second assignment of error.

CONCLUSION

{¶25} Because we find that the trial court did not abuse its discretion in holding that the order by ODJFS was supported by reliable, probative, and substantial evidence, and the ODJFS decision was otherwise in accordance with law, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J., McFarland, J., Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY:   _____
Jason P. Smith, Presiding Judge


BY:   _____
Matthew W. McFarland, Judge


BY:   _____
Michael D. Hess, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**